J-A16018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF AILEEN MINNOCK, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: NULA MINNOCK | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1386 WDA 2023 |

Appeal from the Order Entered November 1, 2023
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  02-19-05747

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                **FILED: July 30, 2024**

Nula Minnock (Appellant) appeals from the orphans' court's order dismissing her objections to an account filed by Ann Minnock (Executrix), executrix of the Estate of Aileen Minnock (the Estate).  We affirm.

Aileen Minnock (Decedent) died testate on July 7, 2019.  On September 13, 2019, Executrix obtained letters testamentary pursuant to Decedent's will. The will called for the Estate to be divided equally between Decedent's two daughters, Executrix and Appellant.  Executrix subsequently filed an inheritance tax return and inventory, both indicating the Estate's only asset was a bank account containing $41,862.25.

Appellant filed a claim against the Estate and a petition requesting that Executrix be ordered to file an account.  The orphans' court granted the petition, and directed Executrix to file an account, including an account for the

period between 2007 and 2017. During that period, Executrix managed Decedent's finances as her agent under a power of attorney (POA). On May 2, 2022, Executrix filed an account of her activities under the POA.

On June 29, 2022, Appellant filed objections to the account, alleging, *inter alia*, that Executrix had misappropriated and/or mismanaged Decedent's funds under the POA prior to Decedent's death. **See generally** Objections, 6/29/22. Appellant claimed the Estate would have had an initial balance of $1,667,704.49, if not for Executrix's "self-dealing" and abuse of authority under the POA. **Id.** ¶¶ 22-26.

Following a status conference, the parties agreed Appellant would depose Executrix, after which the orphans' court would decide "all issues upon the written submissions of the parties." Order, 9/9/22. The parties subsequently filed briefs and exhibits, including the transcript from Executrix's deposition and affidavits from Appellant and Decedent's son, Lawrence Minnock. On November 1, 2023, the orphans' court entered an order and opinion dismissing both Appellant's objections and her claim against the Estate.[1]

---

[1] The orphans' court granted the objections in part, to the extent that Executrix's account addressed only the POA period and not the Estate's administration. **See** Order, 11/1/23. The court ordered Executrix to file an account of the Estate's administration, and she subsequently complied. The Estate account is not at issue in this appeal.

In its opinion, the orphans' court described Appellant's objections as "a rambling, vague, imprecise, unfocused list of complaints, most of which do not pertain to the contents of the Account…." Orphans' Court Opinion, 11/1/23, at 4. The court determined Appellant's numerous complaints about Executrix's "failure to provide certain documents" did not constitute valid objections. *Id.* The court also determined the objections did not, "in any fashion, comply with the provisions of Orphans' Court Rule 2.7, which requires that Objections be specific." *Id.* (citing Pa.O.C.R. 2.7). Nevertheless, the court proceeded to address Appellant's claims as far as it could identify them. *Id.*

The orphans' court found Executrix's account "fully documented the assets, income, and expenses belonging to the Decedent." *Id.* It also found "Executrix testified credibly at her deposition that she accounted for all [Decedent's] assets, income, and expenses … during [Executrix's] tenure as Agent" under the POA. *Id.* The court determined Appellant failed to meet her burden of proving Executrix engaged in self-dealing, finding Executrix had "fully explained" the transactions at issue. *Id.* at 5. The court found Executrix had transferred funds to different accounts to pay Decedent's legitimate expenses or put funds beyond the reach of Appellant, who "had been making withdrawals from [one of Decedent's bank accounts] and using the funds for [Appellant's] personal expenses." *Id.* Finally, the court rejected Appellant's claim that the Estate should have had significantly greater assets, if not for

Executrix's actions. *Id.* at 5-6. According to the orphans' court, Appellant based her claim solely on an "Account Summary" that she created, in which she "double count[ed] the same funds which had been transferred between accounts," and failed to consider over ten years of Decedent's expenses prior to her death. *Id.*

Appellant filed a timely notice of appeal from the November 1, 2023, order. On December 1, 2023, the orphans' court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 20, 2023, Appellant timely filed a Rule 1925(b) statement, identifying eight issues for review. On January 5, 2024, the orphans' court filed an opinion under Rule 1925(a), responding to Appellant's eight issues.

On April 2, 2024, Appellant filed a brief in this Court, identifying a single issue for our review:

> The [orphans' c]ourt's decision was not supported by the weight of the evidence. The Findings of Fact of the [orphans' c]ourt must be accepted unless such findings lack evidentiary support or unless the [orphans' c]ourt has capriciously disbelieved evidence or abused its discretion.

Appellant's Brief at v. This issue is not among the eight issues set forth in Appellant's Rule 1925(b) statement. *See generally* Rule 1925(b) Statement, 12/20/23.

"It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." *Commonwealth v.*

***Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020). As we have observed,

Rule 1925(b)

> is very clear and very strict. "The Statement ***shall*** concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." ***Id.*** (b)(4)(vii). This is because, the "absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." ***Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998). "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." ***Id.***

***Commonwealth v. Smith***, 304 A.3d 35, 39 (Pa. Super. 2023) (some

citations modified; emphasis in original).

While a few of the eight issues raised in Appellant's Rule 1925(b)

statement arguably implicate the weight or sufficiency of the evidence

underlying certain orphans' court factual findings, Appellant's brief fails to

clearly challenge those particular findings. ***See*** Rule 1925(b) Statement,

12/20/23, ¶¶ 4, 6, 7. Instead, her brief purports to specify "11 issues," and

claims these "specific issues … all relate to one basic issue: that the [orphans']

court's decision was not supported by the weight of the evidence." Appellant's

Brief at 5 (some capitalization modified). Appellant fails to delineate her "11

issues" in any discernible fashion,[2] and none of the arguments advanced in her brief bears a clear relation to the eight issues raised in her Rule 1925(b) statement. Accordingly, we conclude Appellant's claims are waived.

Even if not waived, Appellant's claims would not merit relief. We review the factual findings of the orphans' court under a deferential standard:

> The findings of a judge of the Orphans' Court Division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact [that] are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence.

*In re Estate of Schaefer*, 300 A.3d 1013, 1019 (Pa. Super. 2023) (citation omitted). "However, we are not constrained to give the same deference to" the orphans' court's "legal conclusions." *Id.* (citation omitted). "This Court's standard of review of questions of law is *de novo*, and the scope of review is plenary, as we may review the entire record in making our determination." *Id.* (citation omitted).

---

[2] "The argument [section of an appellant's brief] shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein…." Pa.R.A.P. 2119(a).

Appellant does not challenge the orphans' court's legal conclusions.[3] Rather, she urges us to ignore the orphans' court's credibility determinations and adopt her own interpretation of the underlying facts. ***See generally*** Appellant's Brief. The orphans' court found Executrix's testimony credible, and found affidavits submitted by Appellant and Lawrence Minnock not credible. ***See*** Orphans' Court Opinion, 1/5/24, at 4-5. Yet Appellant repeatedly asks us to discredit Executrix's testimony and accept that of Appellant and Lawrence Minnock. ***See*** Appellant's Brief at 7, 11, 14, 15. Our review discloses the orphans' court's factual findings and credibility determinations are supported by the record and "not predicated upon capricious disbelief of competent and credible evidence." ***Schaefer***, 300 A.3d at 1019. Therefore, we cannot disturb them.

Appellant also argues "missing" account statements not produced by Executrix are needed to determine "where the missing money went." Appellant's Brief at 16. As the orphans' court observed, Appellant raised no discovery issues with respect to Executrix's failure to produce documents.

---

[3] The only substantive authority cited in Appellant's brief is 20 Pa.C.S.A. § 5601.3(d)(1.1) (stating an agent under a power of attorney shall "[k]eep the agent's funds separate from the principal's funds…."); ***see*** Appellant's Brief at 5. If Appellant's claims were not waived for her failure to preserve them in her Rule 1925(b) statement, they would be waived for her failure to cite pertinent authorities relating to an agent's duties under a power of attorney. ***See Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 883 (Pa. Super. 2019) (when an appellant "cites no pertinent authority to substantiate [his] claim … appellant's issue is waived.") (citing Pa.R.A.P. 2119(a)).

Orphans' Court Opinion, 1/5/24, at 3. Because Appellant had the burden of proof, a lack of necessary evidence would dictate a conclusion that she failed to meet her burden. *See In re Estate of Aiello*, 993 A.2d 283, 289 (Pa. Super. 2010) ("In general, one who seeks to surcharge a [fiduciary] bears the burden of proving that the [fiduciary] breached an applicable fiduciary duty.") (quoting *In re Estate of Stetson*, 345 A.2d 679, 690 (Pa. 1975)).

For the reasons set forth above, Appellant's claims merit no relief.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

7/30/2024